**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4591**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DARNELL TYRECE HAYES, a/k/a Donnell Hayes,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:13-cr-00018-D-1)

───────────────

Submitted:  May 29, 2014          Decided:  June 2, 2014

───────────────

Before SHEDD, WYNN, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darnell Tyrece Hayes pled guilty to distribution of heroin and was sentenced as a career offender to 210-months' imprisonment. He appeals, challenging the determination that he qualified as a career offender, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2012). We affirm.

To be classified as a career offender under USSG § 4B1.1, a defendant must have been at least eighteen years old at the time he committed the offense of conviction, the offense of conviction must be "a crime of violence or a controlled substance offense," and the defendant must have two prior felony convictions "of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Hayes concedes that he had one qualifying predicate offense. At issue in this appeal is whether Hayes' prior convictions for either burning personal property, in violation of N.C. Gen. Stat. § 14-66, or speeding to elude arrest, in violation of N.C. Gen. Stat § 20-141-5, qualify as a second predicate offense.

Hayes argues that his North Carolina conviction for burning personal property does not qualify as a crime of violence because the statute does not require the use of physical force. However, the Sentencing Guidelines define "crime of violence" to include the crime of arson, and this court has previously held that "the modern, generic crime of

2

arson involves the burning of real or personal property." United States v. Knight, 606 F.3d 171, 174 (4th Cir. 2010) (citing cases). Because the burning of personal property qualifies as arson, this offense is categorically a crime of violence. Thus, Hayes had two prior convictions for crimes of violence and was properly sentenced as a career offender. Having determined that Hayes has two prior qualifying conviction, we need not address Hayes' challenges to the district court's determination that his speeding to elude arrest constituted a crime of violence and to the district court's alternate ruling that it would have imposed 210 months as a variant sentence if Hayes were not a career offender.

Hayes also contends that the sentence imposed was unreasonable. We have reviewed the sentence and conclude that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court appropriately considered the 18 U.S.C. § 3553(a) (2012) factors in light of Hayes's individual characteristics and history, and adequately explained the sentence. We conclude that the district court did not abuse its discretion in imposing the 210-month sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying

3

appellate presumption of reasonableness to within-Guidelines sentence).

Accordingly, we affirm Hayes' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED